UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| LAURA TURPIN HALL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07CV46 JCH |
| | ) | |
| W.W. TRANSPORT, INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEM CITY FORD, INC. and | ) | |
| RICK'S TRANSIT REPAIR, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Third-Party Plaintiff W.W. Transport, Inc.'s ("W.W. Transport") Motion to Exclude Expert Testimony under *Daubert* ("Motion to Exclude"), filed June 22, 2009. (Doc. No. 79). In its motion, W.W. Transport requests that the Court exclude the testimony of Gem City Ford, Inc. and Rick's Transit Repair, Inc.'s (collectively "Third Party Defendants") trucking expert, Lew Grill ("Grill"), as it relates to the applicable standard of care and alleged breaches thereof by W.W. Transport and its driver, Matt Engen ("Engen"). (Id., P. 4).

Expert testimony is admissible in a civil action, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Where the subject matter of the expert's testimony is within the knowledge or experience of lay people, however, expert testimony is superfluous. United States v. French, 12 F.3d 114, 116 (8th Cir. 1993). "Additionally, when enough information is given to the fact finder enabling

it to evaluate the facts of the case, the expert's opinion is not required." Van Meter v. Dahlsten Truck Line, Inc., 943 S.W.2d 680, 682 (Mo. App. 1997) (citation omitted).

Upon consideration of the parties' submissions, the Court finds Grill's testimony regarding the applicable standard of care of Engen and W.W. Transport on August 27, 2007, is not necessary because the issue of whether such standard of care was breached is not in dispute. Rather, in his deposition testimony Engen admitted that he failed to keep a careful lookout, failed to maintain control of his vehicle, and failed to use the "highest degree of care that [he] was responsible to use." (Engen Dep., attached to W.W. Transport's Motion to Exclude as Exh. B, PP. 15-17). Furthermore, Clay Crews, safety director and corporate designee for W.W. Transport, admitted he believed Engen failed to keep a careful lookout, and failed to use the highest degree of care. (Crews Dep., attached to W.W. Transport's Motion to Exclude as Exh. C, P. 91). Finally, Engen admitted it was his failure to utilize the highest degree of care that resulted in the death of Decedent Danny Hall. (Engen Dep., P. 16). In light of these admissions, the Court finds the testimony of Grill with respect to the applicable standard of care and Engen's violations thereof would be redundant, as the jury does not need an expert to explain what has already been admitted. Van Meter, 943 S.W.2d at 682. W.W. Transport's Motion to Exclude will therefore be granted.[1]

---

[1] The Court notes Third Party Defendants are not precluded from requesting reconsideration of this ruling, should such a request prove warranted as the testimony and evidence unfold at trial.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that W.W. Transport's Motion to Exclude Expert Testimony under *Daubert* (Doc. No. 79) is **GRANTED**.

Dated this 20th day of July, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE