UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| W.W. TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07CV46 JCH |
| | ) | |
| GEM CITY FORD, INC. and | ) | |
| RICK'S TRANSIT REPAIR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on W.W. Transport, Inc.'s Motion to Compel the Production of Thomas Green's Expert File, filed July 2, 2009. (Doc. No. 80). By way of background, Mr. Mike DiTallo ("DiTallo") has been named by Defendants as an expert accident reconstructionist. DiTallo's partner in the firm of Dynamic Safety, LLC, Mr. Thomas Green ("Green"), is described by Defendants as a non-disclosed consulting expert witness. Green prepared a chronology in this matter, which DiTallo had in his file at the time of his deposition. Green further traveled to and from a March 6, 2009, inspection of the vehicle at issue with DiTallo, and assisted DiTallo in taking measurements and photographs, as well as inspecting and locating parts of the vehicle.

In its motion, W.W. Transport speculates that until at least March 23, 2009, DiTallo and Green were working on the file jointly, under Green's file number. W.W. Transport concludes there is, at minimum, an ambiguity as to whether DiTallo relied upon, considered, or shared Green's file, opinions, testing, and investigation, and thus Green's file and billing records must be produced pursuant to Federal Rule of Civil Procedure 26(b)(4)(B). Defendants counter the materials are protected by the work-product privilege.

A party seeking to invoke work product immunity must establish: "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party." Johnson v. Gmeinder, 191 F.R.D. 638, 643 (D. Kan. 2000) (citations omitted). The Court easily concludes the materials in Green's file qualify for work product immunity. The burden thus shifts to W.W. Transport, to establish waiver of the immunity. Id.

> A party opposing work-product protection may establish waiver by satisfying a two-part test: (1) the party must establish principles of law from which a court can conclude that waiver is proper; (2) the party must establish the facts that are necessary to support a finding of waiver under those legal principles.

Monsanto Co. v. Aventis Cropscience, N.V., 214 F.R.D. 545, 546 (E.D. Mo. 2002) (citation omitted).

With respect to the principle of law justifying waiver, the Court notes, "any type of privileged material, including materials or documents prepared by a non-testifying expert, lose their privileged status when disclosed to, and considered by, a testifying expert." Johnson, 191 F.R.D. at 647. A legal basis thus exists for waiver, and so the Court must next determine whether the facts of this case support a finding of waiver. Id.

Upon consideration of the parties' submissions, the Court finds W.W. Transport has failed to carry its burden of establishing facts upon which the Court can find waiver. Johnson, 191 F.R.D. at 647. Specifically, the Court notes W.W. Transport's conclusion that because Green and DiTallo are part of the same firm, and worked and traveled together to conduct the investigation and testing on the vehicle, DiTallo necessarily considered Green's opinions, data, and photographs when forming his own expert report, is based entirely on speculation. (W.W. Transport, Inc.'s Memorandum in Support of Motion to Compel Production of Thomas Green's Expert File, PP. 6-7). By way of

contrast, with their response Defendants provide an Affidavit from DiTallo, in which he testified as follows:

1. I was retained by [] Defendant Rick's Transit Repair, Inc.'s attorneys in this case as an accident reconstructionist.

2. I did not share information regarding my opinions or the specifics of work I was performing on this case with Thomas Green.

3. I did not receive information regarding Thomas Green's opinions, if any, and work he performed on the case from Thomas Green or anyone else from Dynamic Safety LLC.

4. I did receive a chronology from Thomas Green when I became involved in the case. I independently verified all of the information within the chronology upon which I relied. Mr. Green also gave me copies of other documents, which he did not prepare, such as police reports and depositions.

5. Mr. Green did assist me in taking measurements of the Hall vehicle at the March 6, 2009 inspection. During this process, I discussed measuring specific parts of the Hall vehicle with Mr. Green. However, it is a common practice for experts to assist each other in the field. Mr. Green's assistance consisted of holding the pole that I "shot" with my survey equipment.

6. Mr. Green and I discussed how to safely remove the cargo box from the Hall vehicle for inspection.

7. I billed all time I incurred on this matter under my file number.[1]

8. I did not speak with attorneys representing [] Defendant Rick's Transit Repair, Inc. about my opinions in this case at the same time as or in the immediate presence of Mr. Green.

(Defendants' Joint Response to [] Plaintiff W.W. Transport, Inc.'s Motion to Compel Production of Thomas Green's Expert File, attached Exh. B). W.W. Transport offers no rebuttal to this unequivocal testimony, and so the Court finds no evidence that Green disclosed information or file

---

[1] The Court attaches no significance to the inadvertent non-disclosure of DiTallo's billing records for the three inspections and the March 21, 2009, coefficient of friction test at the collision scene.

- 3 -

materials, or discussed his opinions (if any), with DiTallo.  Without such disclosure, W.W. Transport cannot prove waiver, and so its Motion to Compel must be denied.  <u>Johnson</u>, 191 F.R.D. at 647.

## **<u>CONCLUSION</u>**

Accordingly,

**IT IS HEREBY ORDERED** that W.W. Transport, Inc.'s Motion to Compel the Production of Thomas Green's Expert File (Doc. No. 80) is **DENIED**.


Dated this <u> 11th </u> day of August, 2009.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE